UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-0518-LJM-TAB |
| | ) | |
| JOHNS MANVILLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

A dispute has arisen in this race and age discrimination action as to whether Plaintiff can depose Matt Brown. Brown is Defendant's former Richmond, Indiana, plant manager, who now serves as Defendant's plant manager in Defiance, Ohio. Defendant has resisted Plaintiff's efforts to depose Brown, claiming that he has no knowledge about the key facts of this case and that to require him to travel from Defiance to Indianapolis for his deposition would be unduly burdensome to the Defendant. Plaintiff has filed a motion to compel Brown's deposition. [Docket No. 25.]

The briefing reflects that the parties have cooperated well in discovery outside of the present dispute. Defendant deposed the Plaintiff, and Plaintiff has deposed several of Defendant's employees, one of whom flew to Indianapolis from Alberta, Canada, for a deposition that lasted less than an hour. [Docket No. 26 at 1-2.] Defendant is understandably reluctant to have its Defiance plant manager out of pocket for the day for a deposition that may also have little relevance. But relevance is rarely a proper basis for prohibiting a deposition, and Plaintiff has asserted that Brown has knowledge of Plaintiff's qualifications for the position for

which she was passed over, thus prompting this litigation.  So the Court will not prohibit Brown's deposition on relevance grounds.

Defendant's undue burden argument has more substance.  Defendant already has produced three management-level employees for deposition, including the one who came from Alberta.  In addition, Defendant is producing for deposition a human resources employee from Illinois and a former manager.  Plaintiff also has scheduled the depositions of the president and vice president of the UAW Local in Richmond.  Requiring the Defendant to also produce its Defiance plant manager for deposition in Indianapolis strikes the Court as a bit more than Defendant should have to endure.  This is particularly so given that Plaintiff has not even listed Brown as a witness in this case, which at bottom is a relatively straight-forward discrimination action.

Accordingly, Plaintiff may depose Brown, but the Court will not require Brown to travel to Indianapolis for his deposition.  Instead, Plaintiff may, at her option: (1) depose Brown telephonically pursuant to Fed. R. Civ. P. 30(b)(4); or (2) travel to Defiance to take Brown's deposition.  Plaintiff's motion to compel [Docket No. 25] is granted in part and denied in part consistent with this order.

Dated: 02/17/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Jane Ann Himsel
LITTLER MENDELSON
jhimsel@littler.com

Brian Lee Mosby
LITTLER MENDELSON, P.C.
bmosby@littler.com

Joel Samuel Paul
RAMEY & HAILEY
lawjoel@hotmail.com